Eastern District of Kentucky
F I L E D
JUL 15 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 18-226

**DENISE E. JOHNSON,**            **PLAINTIFF,**

v.           **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**       **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on May 15, 2015, alleging disability beginning on October 1, 2014, due to longstanding, diffuse arthritis and degenerative disc/joint disease. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Greg Holsclaw (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Harpool, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was born in 1963 and was 51 years old at the time she alleges she became disabled. She has a high school education. Her past relevant work experience consists of work as a construction worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from osteoarthritis / degeneration of the cervical and lumbar spine, as well as the knees; dyslipidemia; hypertension and chronic obstructive pulmonary disease, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to her past relevant work but

determined that she has the residual functional capacity ("RFC") to perform a reduced range of light work with no standing/walking for more than 30 minutes at a time and no sitting for more than 45 minutes at a time, and additional restrictions on stooping, kneeling, crouching, crawling, climbing, reaching, and exposure to environmental elements and hazards (Tr. 42).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ did not properly evaluate her credibility. Specially, she maintains that the ALJ did not consider her symptoms in accordance with SSR 16-3.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security,* 127 F.3d 525, 528 (6th Cir. 1997).

Plaintiff concedes that the ALJ's credibility findings are to be accorded great weight but argues that he is not permitted to simply recite the factors from SSR 16-3. She cites this section of SSR 16-3 in support:

> It is also not enough for our adjudicators simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

SSR 16-3.

Yet, the ALJ's decision cited several examples of Plaintiff's complaints not matching the medical evidence. For example, he discussed the normal clinical findings, normal imaging studies and the lack of a prescription for an ambulatory device. The ALJ referred to the most

4

recent medical evidence in the record, a treatment note from December 2016, in which Plaintiff was described as neurovascularly intact and having only mild degeneration that did not require surgery (Tr. 484).

The ALJ also discussed only medical opinion in the record, rendered by state agency medical consultant, Jack Reed, M.D., who opined that Plaintiff was capable of light work with no restrictions pertaining to sitting or walking. (Tr. 129). Notably, the ALJ added restrictions beyond those suggested by Dr. Reed in the RFC. Indeed, the ALJ's restrictions for walking and standing appear to be consistent with Plaintiff's own statements regarding her ability.

Contrary to Plaintiff's assertion, the ALJ did not simply recite the factors described in the regulations for evaluating symptoms. He compared Plaintiff's statements to the medical evidence and, citing specific medical records and he explained why he did not find it to be entirely consistent with her testimony. Subjective claims of disabling impairment must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). In this case, Plaintiff's subjective complaints do not pass *Duncan* muster.

To the extent that Plaintiff suggests a different interpretation of the evidence, the task of this Court is not to reweigh the evidence, but, rather, to determine if there is present here "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The ALJ's decision satisfies this standard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

5

record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of July, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge